UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER HENDRIX, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) **No.** |
| v. | ) |
| | ) |
| NEW STAR, INC., and | ) |
| SERTOMA STAR SERVICES, INC. f/k/a | ) |
| NEW STAR, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

**COMPLAINT**

NOW COMES, Plaintiff CHRISTOPHER HENDRIX ("Plaintiff"), by and through his attorneys, KREITMAN LAW, LLC, complaining of Defendants, NEW STAR, INC. (Defendant "NEW STAR"), and SERTOMA STAR SERVICES, INC. (Defendant "SERTOMA"), and states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 over Plaintiff's retaliation claim against Defendants arising under the False Claims Act, 31 U.S.C. § 3730(h)(1). This Court has supplemental jurisdiction over Plaintiff's state law claim for retaliation under the Illinois False Claims Act, 740 ILCS 175/4(g)(1) against Defendants pursuant to 28 U.S.C. §1367.

2. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. §1391(b)(2) and (3).

1

## PARTIES

3. Plaintiff is a resident of the state of Illinois and was a behavioral therapist.

4. At all times material to this Complaint, Defendant NEW STAR, INC., (Defendant "NEW STAR") was an Illinois non-profit, providing social services to disadvantaged residents of Illinois and Indiana.

5. These services provided by Defendant NEW STAR, included services funded by the Illinois Department of Human Services and the federal government provided to residents of homes it owned and/or managed under the Community Integrated Living Arrangement (CILA) program. Community Integrated Living Arrangement (CILA) is a living arrangement for adults (age 18 and older) in a group home, family home or apartment where 8 or fewer unrelated adults with developmental disabilities live under supervision of the community developmental services agency. Residents receive complete and individualized residential habilitation, personal support services and supports under the direction of a community support team.

6. In 2023, Defendant NEW STAR published on its website it received $12,917,164 from the "Illinois Department of Human Services" and $1,234,119 from "federal sources" for the social services in provided.

7. At all times material to this Complaint, Defendant NEW STAR's home care services to Illinois residents were funded by the United States federal government and the State of Illinois government through Medicaid reimbursements and other state and federal sources.

8. The federal government additionally funds the Defendant NEW STAR CILA homes through the Federal Substance Abuse and Mental Health Services Administration Community Mental Health Block Grant disbursed by the Substance Abuse and Mental Health Services Administration to the Illinois Department of Human Services.

9. On or about October 3, 2023, Defendant NEW STAR merged with another non-profit, Sertoma Centre, Inc., and formed the successor entity Defendant SERTOMA STAR SERVICES, INC. (Defendant "SERTOMA").

10. Following the merger, Sertoma Centre, Inc. ceased independent operations and dissolved.

11. Following the merger, Defendant NEW STAR's Chief Executive Officer, Daniel Strick, became the Chief Executive Officer/President of Defendant SERTOMA.

12. Following the merger, seven members of the Defendant NEW STAR's board of directors became members of the board of directors at Defendant SERTOMA.

13. Following the merger, Defendant SERTOMA continued to maintain Defendant NEW STAR's management, personnel, physical locations, assets and business operations.

14. Following the merger, Defendant SERTOMA assumed the liabilities and obligations of Sertoma Centre, Inc., and Defendant NEW STAR necessary for the uninterrupted business operations of each entity.

15. Defendant SERTOMA is liable for the Plaintiff's claims asserted herein against Defendant NEW STAR pursuant to the merger exception to the Illinois successor liability doctrine.

16. Alternatively, Defendant SERTOMA is liable for the Plaintiff's claims asserted herein against Defendant NEW STAR as a mere continuation of the seller or due to the express or implied assumption of Defendant NEW STAR's liabilities by Defendant SERTOMA or as an alter-ego of Defendant NEW STAR.

17. At all times material to this Complaint, STAFFING NETWORK HOLDINGS, L.L.C. ("STAFFING NETWORK") was a Delaware LLC with a principal office located at 1815 S. Meyers Road, Suite 500, Oakbrook Terrace, IL 60181.

18. At all times material to this Complaint, STAFFING NETWORK contracted with Defendant NEW STAR to place social service professionals to provide social services that were funded by the United States federal government and the State of Illinois government through Medicaid reimbursements and other state and federal sources.

19. On or about November 19, 2022, Plaintiff began his joint employment with STAFFING NETWORK and Defendant NEW STAR, providing behavioral therapy and social services to Defendant NEW STAR's clients at Defendant NEW STAR's group homes, primarily at the following locations:

   a. Deborah House, 23858 South Deborah Court, Crete, IL 60417;

   b. Beckwith House, 3409 Beckwith Lane, Crete, IL 60417; and

   c. Kinzie House.

20. Plaintiff's assigned branch for STAFFING NETWORK was located at 17W220 22nd Street, Suite 310, Oakbrook Terrace, IL 60181.

21. Defendant NEW STAR determined the rate of pay and exercised control over the schedule, record keeping, policies and procedures, the time off and the methods and supervision of services provided by Plaintiff to Defendant NEW STAR's clients.

22. Plaintiff's supervisor at Defendant NEW STAR was Alicia Robinson.

23. At all times material to this Complaint, Ms. Robinson was acting within the scope and course of her agency as supervisor with Defendant NEW STAR.

24. Defendant NEW STAR would review and approve Plaintiff's timesheets and submit to STAFFING NETWORK for payment.

25. In January 2023, Plaintiff discovered that his work hours utltimately relied upon by the government for reimbursement were being knowingly falsified by Defendant NEW STAR through Ms. Robinson.

26. This falsification involved misrepresenting the hours worked by Plaintiff at a single Defendant NEW STAR facility to reflect the hours were worked by Plaintiff at multiple Defendant NEW STAR facilities, in an effort to avoid Plaintiff accruing overtime hours at any single facility.

27. Defendant NEW STAR knew it could not nor would not be reimbursed by the State of Illinois or the federal government for overtime hours accrued by Plaintiff at a single facility.

28. Defendant NEW STAR knowingly mispresented the locations where Plaintiff rendered services in furtherance of a scheme to submit false claims for reimbursement to receive Illinois funds under false pretenses and/or to receive federal funds under false pretenses.

29. When Plaintiff became aware his hours were being falsified by Defendant NEW STAR, Plaintiff reasonably believed Defendant NEW STAR was being reimbursed for his services provided to its CILA home residents by the State of Illinois and the federal government, and reasonably believed that the falsification of his hours was for the purpose of submitting false claims for reimbursement to Defendant NEW STAR from the State of Illinois and the federal government. He opposed this practice.

30. On or about January 21, 2023, Plaintiff complained about the falsification of his hours to his supervisor at Defendant NEW STAR, Alicia Robinson.

31. Later the dame day after Plaintiff's complaint about the falsification of hours, Ms. Robinson texted Plaintiff, "Hey Chris, I'm going to need for you to go get some rest. They're monitoring your time now. And me".

32. In retaliation for Plaintiff's complaint about his falsified hours, Defendant NEW STAR cut his hours from approximately 45-58 hours per week to 22 or less hours per week.

33. Plaintiff repeatedly attempted to resolve the issue of his hours being cut and continued to offer additional availability to work for Defendant NEW STAR.

34. No resolution was forthcoming from Defendant NEW STAR to restore Plaintiff's hours. Plaintiff depended on the income of full-time work and could not financially tolerate the cut in his hours.

35. Despite reasonable efforts, Plaintiff was unable to resolve the issue of the cuts in hours worked with Defendant NEW STAR done in retaliation for his protected FCA and IFCA complaints about the falsification of his hours for government reimbursement purposes.

36. The retaliatory and substantial reduction in hours made available by Defendant NEW STAR to Plaintiff was intolerable to Plaintiff and would be intolerable to any reasonable employee.

37. On February 8, 2023, Plaintiff resigned his joint employment with Defendant NEW STAR due to the retaliatory cut in hours.

38. On February 8, 2023, Defendant NEW STAR constructively terminated Plaintiff in retaliation for his protected complaints about the misrepresentation of his hours.

## COUNT I
### Retaliation in Violation of the False Claims Act, 31 U.S.C. § 3730(h)(1)
### (Plaintiff v. All Defendants)

39. Plaintiff re-alleges and restates Paragraphs 1-38 of this Complaint as if set forth fully herein this Paragraph.

40. At all times material to this Complaint, the False Claims Act prohibited discrimination and/or retaliation against employees, contractors and/or agents for opposing acts constituting violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A)-(G).

41. At all times material to this Complaint, Plaintiff was an "employee" and/or "contractor" and/or "agent" of Defendant NEW STAR within the meaning of the False Claims Act. 31 U.S.C. § 3730(h)(1).

42. Defendant NEW STAR, through its agents, including Ms. Robinson, conspired to knowingly falsify Plaintiff's hours for the purpose of securing a disallowed reimbursement paid with federal money, including but not limited to federal Medicaid and/or federal money provided by the Community Mental Health Block Grant, constituting a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(C).

43. Defendant NEW STAR, through its agents, including Ms. Robinson, knowingly falsified Plaintiff's hours for the purpose of securing a disallowed reimbursement paid with federal money, including but not limited to federal Medicaid and/or federal money provided by the Community Mental Health Block Grant, constituting a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

44. Defendant NEW STAR, through its agents, including Ms. Robinson, knowingly submitted Plaintiff's falsified hours. securing disallowed reimbursement paid with federal money, including but not limited to federal Medicaid and/or federal money provided by the Community Mental Health Block Grant, constituting a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A).

45. Plaintiff's January 21, 2023, complaint to Ms. Robinson about this practice constituted an effort to stop these FCA violations within the meaning of the False Claims Act, 31 U.S.C. § 3730(h)(1).

46. Defendant NEW STAR had actual and/or constructive knowledge of Plaintiff's protected FCA activity.

47. From January 21, 2023 – February 8, 2023, Defendant NEW STAR, violated the False Claims Act by retaliating against Plaintiff for his FCA protected activity by materially and adversely cutting his hours. 31 U.S.C. § 3730(h)(1).

48. This created an intolerable working environment for Plaintiff that materially and adversely effected his working environment, proximately causing his constructive discharge on February 8, 2023, in violation of the False Claims Act. 31 U.S.C. § 3730(h)(1).

49. As a direct and proximate result of Defendant NEW STAR's cutting of his hours in violation of the False Claims Act, Plaintiff suffered lost wages for his hours cut from January 21, 2023 – February 8, 2023, and has incurred attorney's fees and costs.

50. As a direct and proximate result of Defendant NEW STAR's constructive discharge on February 8, 2023, in violation of the False Claims Act, Plaintiff suffered lost income and has incurred attorney's fees and costs.

51. Defendant SERTOMA is jointly and severally liable for the Plaintiff's claims asserted herein against Defendant NEW STAR pursuant to the merger exception to the Illinois successor liability doctrine.

52. Alternatively, Defendant SERTOMA is jointly and severally liable for the Plaintiff's claims asserted herein against Defendant NEW STAR as a mere continuation of the

seller or due to the express or implied assumption of Defendant NEW STAR's liabilities by Defendant SERTOMA, and/or due to being an alter-ego of Defendant NEW STAR.

53. The False Claims Act grants the following relief for retaliation as follows:

**31 U.S.C. § 3730(h)(2) Relief.** --Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection may be brought in the appropriate district court of the United States for the relief provided in this subsection.

WHEREFORE, Plaintiff CHRISTOPHER HENDRIX, respectfully requests this Court enter judgment jointly and severally against Defendant NEW STAR, INC. and SERTOMA STAR SERVICES, INC., as follows:

a. Judgment against Defendants in the amount of back pay and lost income to be determined at trial;
b. Judgment against Defendants equal to double the amount of back pay to be determined at time of trial;
c. Judgment against Defendants for the amount of prejudgment interest on his back pay at the highest rate allowable under law to be determined at time of trial;
d. An award of reasonable attorneys' fees and litigation costs incurred in prosecuting this action against Defendants; and
e. Such other and further relief as this Court deems just and proper.

## COUNT II
### Retaliation in Violation of the Illinois False Claims Act, 740 ILCS 175
### (Plaintiff v. All Defendants)

54. Plaintiff re-alleges and restates Paragraphs 1-38 of this Complaint as if set forth fully herein this Paragraph.

55. At all times material to this Complaint, the Illinois False Claims Act prohibited discrimination and/or retaliation against employees, contractors and/or agents for opposing acts constituting violations of the Illinois False Claims Act, 740 ILCS 175/4(g)(1).

56. At all times material to this Complaint, Plaintiff was an "employee" and/or "contractor" and/or "agent" of Defendant NEW STAR within the meaning of the Illinois False Claims Act. 740 ILCS 175/4(g)(1).

57. Defendant NEW STAR, through its agents, including Ms. Robinson, conspired to knowingly falsify Plaintiff's hours for the purpose of securing a disallowed reimbursement paid with State of Illinois money, including but not limited to the Illinois Department of Human Services, constituting a violation of the False Claims Act, 740 ILCS 175/3(a)(1)(C).

58. Defendant NEW STAR, through its agents, including Ms. Robinson, knowingly falsified Plaintiff's hours for the purpose of securing a disallowed reimbursement with State of Illinois money, including but not limited to the Illinois Department of Human Services, constituting a violation of the Illinois False Claims Act, 740 ILCS 175/3(a)(1)(B).

59. Defendant NEW STAR, through its agents, including Ms. Robinson, knowingly submitted Plaintiff's falsified hours. securing disallowed reimbursement paid with State of Illinois money, including but not limited to the Illinois Department of Human Services, constituting a violation of the Illinois False Claims Act, 740 ILCS 175/3(a)(1)(A).

60. Plaintiff's January 21, 2023, complaint to Ms. Robinson about this practice constituted an effort to stop these IFCA violations within the meaning of the Illinois False Claims Act, 740 ILCS 175/4(g)(1).

61. Defendant NEW STAR had actual and/or constructive knowledge of Plaintiff's protected IFCA activity.

62. From January 21, 2023 – February 8, 2023, Defendant NEW STAR, violated the Illinois False Claims Act by retaliating against Plaintiff for his IFCA protected activity by materially and adversely cutting his hours. 740 ILCS 175/4(g)(1).

63. This created an intolerable working environment for Plaintiff that materially and adversely effected his working environment, proximately causing his constructive discharge on February 8, 2023, in violation of the Illinois False Claims Act. 740 ILCS 175/4(g)(1).

64. As a direct and proximate result of Defendant NEW STAR's cutting of his hours in violation of the Illinois False Claims Act, Plaintiff suffered lost wages for his hours cut from January 21, 2023 – February 8, 2023, and has incurred attorney's fees and costs.

65. As a direct and proximate result of Defendant NEW STAR's constructive discharge on February 8, 2023, in violation of the Illinois False Claims Act, Plaintiff suffered lost income and has incurred attorney's fees and costs.

66. Defendant SERTOMA is jointly and severally liable for the Plaintiff's claims asserted herein against Defendant NEW STAR pursuant to the merger exception to the Illinois successor liability doctrine.

67. Alternatively, Defendant SERTOMA is jointly and severally liable for the Plaintiff's claims asserted herein against Defendant NEW STAR as a mere continuation of the seller or due to the express or implied assumption of Defendant NEW STAR's liabilities by Defendant SERTOMA, and/or on an alter-ego theory of liability.

68. The Illinois False Claims Act grants the following relief for retaliation as follows:

> 740 ILCS 175/4(g)(2) Relief under paragraph (1) shall include reinstatement with the same seniority status that the employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees. An action under this subsection (g) may be brought in the appropriate circuit court for the relief provided in this subsection (g).

WHEREFORE, Plaintiff CHRISTOPHER HENDRIX, respectfully requests this Court enter judgment jointly and severally against Defendant NEW STAR, INC. and SERTOMA STAR SERVICES, INC., as follows:

      a. Judgment against Defendants in the amount of back pay and lost income to be determined at trial;
      b. Judgment against Defendants equal to double the amount of back pay to be determined at time of trial;
      c. Judgment against Defendants for the amount of prejudgment interest on his back pay at the highest rate allowable under law to be determined at time of trial;
      d. An award of reasonable attorneys' fees and litigation costs incurred in prosecuting this action against Defendants; and
      e. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED ON ALL APPLICABLE COUNTS**

Respectfully submitted,

                                        By:   /s/ Nicholas Kreitman, Esq.
                                                Nicholas Kreitman, Esq.
                                                Plaintiff's Attorney

Nicholas Kreitman, Esq.
#6313283
KREITMAN LAW, LLC
505 North La Salle Drive, Suite 500
Chicago, IL 60654
(847) 970-0575
njk@kreitmanlaw.com